145 F.3d 1336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Debra BONAT, Plaintiff-Appellant,
v.
PIQUNIQ MANAGEMENT CORPORATION, Defendant-Appellee.
 No. 97-15984.
D.C. No. CV-96-00113-DAE.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 4, 1998.
Decided May 14, 1998.
 
 Appeal from the United States District Court for the District of Hawaii, David A. Ezra, District Judge, Presiding.
 Before BROWNING, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Debra Bonat appeals the summary judgment entered in favor of her former employer, Piquniq Management Corp. (PMC), a native-owned Alaskan Corporation, on her claims for fraud, breach of contract, and breach of the implied covenant of good faith and fair dealing. We affirm.
 
 
 3
 As her brief makes clear, Bonat's good faith and fair dealing claim rests upon the sole premise that she was justified in believing that she had a Title VII remedy to complain about alleged sex harassment based on the representation in her employment agreement's preamble that PMC was an "Equal Opportunity Affirmative Action employer whose company procedures comply with all Federal Regulations requiring non-discrimination in employment." Hawaii law recognizes that every contract imposes a duty of good faith and fair dealing in its performance and enforcement, The Best Place, Inc. v.. Penn America Ins. Co., 82 Hawai'i 120, 920 P.2d 334 (1996), but the duty of good faith turns on the obligation to carry out what is written. Id. at 124, 920 P.2d 334. Bonat's employment agreement on its face does not say that PMC is subject to Title VII remedies or to the jurisdiction of the EEOC. Nor is Bonat's subjective assumption that she could complain to the EEOC material. She adduced no facts in opposition to PMC's motion for summary judgment indicating that its preamble was not literally true, and Bonat admitted in her deposition that no other representations were made before she signed the agreement that PMC was subject to the jurisdiction of the EEOC. She points to no facts showing that PMC was not an equal opportunity employer or that the company's procedures failed to comply with federal regulations requiring non-discrimination.
 
 
 4
 Bonat argues that when PMC said that it complies with "all" non-discrimination regulations, it implicitly represented that it was subject to Title VII remedies and since it isn't, it breached the agreement. We can't see how, as its preamble goes only to company procedures. She also contends that the district court misconstrued her bad faith claim as having to do with the failure to provide security and to inform her of remedies, and dismissed it for failing to give notice to Piquniq. We disagree. The court, correctly in our view, held that the facts Bonat set forth do not show that Piquniq deprived her of the benefit of her bargain.
 
 
 5
 We therefore conclude, as did the district court, that Bonat has not shown either a breach of contract or of the covenant of good faith and dealing. Because there is no evidence of reliance on any representation of Title VII coverage or EEOC jurisdiction, Bonat likewise has raised no triable issue of fraud.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3